UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARNETTA CARTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:09CV93RWS |
| EDGEWOOD CHILDREN'S CENTER, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

On December 15, 2008, Plaintiff Darnetta Carter filed this lawsuit against her former employer, Defendant Edgewood Children's Center, in the Circuit Court of Missouri, St. Louis County in an action designated as cause number 08SL-CC05205. Carter's state court complaint alleges Edgewood discriminated against her on the basis of race. Edgewood removed the case to the United States District Court for the Eastern District of Missouri on January 14, 2009, invoking federal subject matter jurisdiction. Carter moved to remand the case to state court on January 30, 2009 on the basis that this Court lacks jurisdiction over her claims. Edgewood has not responded to Carter's motion.[1]

Upon review of the record, I conclude that this Court lacks subject matter jurisdiction over this case. Therefore, I will grant Carter's motion to remand the case to state court.

---

[1] Local Rule 4.01(B) requires that "[e]xcept with respect to a motion for summary judgment under Fed. R. Civ. P. 56, each party opposing a motion shall file, within five (5) days after being served with the motion, a memorandum containing any relevant argument and citations to authorities on which the party relies." More than ten days have passed without a response from Edgewood.

*Background*

Carter filed this suit *pro se*. She titled her state court complaint, "Petition - Human Rights Act RSMo. 213.055." The one count complaint alleges that Edgewood qualifies as an "employer" under the Missouri Human Rights Act as an employer of seven or more persons. Carter's complaint alleges that, as an African American woman protected under Title VII, she was subjected to racial bigotry and slurs in violation of Mo. Rev. Stat. § 213.055.1(a)(b) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. by white employees. Although Carter filed several grievances with the CEO and COO of the company, Edgewood did nothing to stop the harassment of Carter, violating Title VII and Mo. Rev. Stat. § 213.010. Instead, the COO told Carter she was "lucky to be a black supervisor."

Edgewood timely removed the case to federal court on the basis of original federal question jurisdiction. Edgwood claimed that Carter alleged a violation of Title VII. Carter's complaint appeared to contain only one count, one under the Missouri Human Rights Act, but the complaint also contained statements that Edgewood had violated Title VII, "Prosser & Keeton on Torts, § 111, at 773 (5th ed. 1984), Maler v. Autozone, Inc., 2005 U.S. District Court 31274 (E.D. Mo. Dec. 6, 2005)" in addition to the Missouri Human Rights Act. Because it was unclear whether Carter intended to assert clams under the Missouri Human Rights Act and Title VII or assert only the Missouri Human Rights Act claim while making mention of Title VII, this Court ordered Carter to state under which act(s) she sought relief.

In response, Carter moved to remand the case. Carter stated she intends to assert claims only under the Missouri Human Rights Act, and to the extent necessary, she withdraws the federal questions under Title VII. Edgewood did not respond to Carter's motion.

*Legal Standard*

The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction. See 28 U.S.C. § 1441(b). A claim may be removed only if it could have been brought in federal court originally. Peters v. Union Pacific R. Co., 80 F.3d 257, 260 (8th Cir. 1996). The party seeking removal and opposing remand has the burden to establish federal subject matter jurisdiction. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). All doubts about federal jurisdiction must be resolved in favor of remand. Id.

*Discussion*

The United States District Courts have original jurisdiction in all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. To determine whether a claim "arises under" federal law, courts must apply the well-pleaded complaint rule. Under the well-pleaded complaint rule, federal jurisdiction exists when a federal question is presented on the face of a plaintiff's properly pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

Carter notified this Court on January 30, 2009, that her only cause of action is under the Missouri Human Rights Act. She does not make a claim under Title VII or any other cause of action. Claims under the Missouri Human Rights Act "are appropriately treated by the federal courts as independent claims for relief for damages under Missouri law." State ex. rel. Diehl v. O'Malley, 95 S.W.3d 82, 90–91 (Mo. 2003). An incidental mention of federal law does not convert a state claim into a federal cause of action. Edgewood has failed to carry its burden of establishing federal subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Darnetta Carter's Motion to Remand [#5] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of Missouri, St. Louis County, cause number 08SL-CC05205.

Dated this 12th day of February, 2009.

                                            RODNEY W. SIPPEL
                                            UNITED STATES DISTRICT JUDGE